NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

R.R.R.,                                                    )
                                                           )
                    Appellant,                             )
                                                           )
v.                                                         )          Case No. 2D13-6065
                                                           )
STATE OF FLORIDA,                                          )
                                                           )
                    Appellee.                              )
_____ )

Opinion filed August 14, 2015.

Appeal from the Circuit Court for Manatee
County; Scott M. Brownell, Judge.

Howard L. Dimmig, II, Public Defender,
and Allyn M. Giambalvo, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa,
for Appellee.

NORTHCUTT, Judge.

          While R.R.R. was on juvenile probation for resisting an officer without

violence, the State filed a new petition alleging that he committed two aggravated

assaults with a deadly weapon. The circuit court held a disposition hearing, found that

R.R.R. had committed the charged assaults, and adjudicated him delinquent. We

disagree with R.R.R.'s complaint that the evidence was insufficient to support the finding that he used a deadly weapon, and we will not discuss it further. But he is entitled to a new hearing to establish the appropriate level of commitment for his offenses.

Following the disposition hearing, the court rejected the recommendation of the Department of Juvenile Justice that R.R.R. be placed on probation. The judge made specific findings in support of his decision to commit R.R.R. to a moderate risk residential program for the aggravated assaults until his nineteenth birthday and to commit him to the same program for one year for the violation of his probation. After this appeal was filed, the public defender filed a motion to correct a sentencing error, Fla. R. Juv. P. 8.135(b)(2). She pointed out that the court, after rejecting the DJJ's probation recommendation, had not obtained a commitment report containing the Department's position on the most appropriate restrictiveness level and treatment plan for R.R.R. The court granted the public defender's motion, whereupon the DJJ recommended that R.R.R. be committed to a minimum-supervision facility. The court again rejected the DJJ's recommendation based on the findings it had made after the disposition hearing.

When a juvenile court concludes that a child has committed a crime, it begins a two-pronged disposition process. First, it determines whether the child should be adjudicated delinquent and committed to the DJJ. § 985.433(6), Fla. Stat. (2013). That statute lists criteria for assessing the advisability of committing the child, and the court must make specific findings outlining factors that support an adjudication and commitment. § 985.433(7).

-2-

Here, the circuit court's stated reasons were sufficient to support its decision to adjudicate R.R.R. delinquent and to commit him to the DJJ. But those findings did not pertain to the second prong of the disposition process, in which the court must determine the appropriate level of commitment. If a court disagrees with the DJJ's recommendation in this regard, it must state on the record reasons that establish, by a preponderance of the evidence, why a different commitment level is appropriate. § 985.433(7)(b). As our supreme court has explained, the court must first show that it is familiar with the characteristics of the competing restrictiveness levels including "the type of child that each restrictiveness level is designed to serve, the potential 'lengths of stay' associated with each level, and the divergent treatment programs and services available to the juvenile" at the various levels. E.A.R. v. State, 4 So. 3d 614, 638 (Fla. 2009). Then it must explain why its preferred level of commitment is better suited to the needs of the child and the protection of the public, while insuring that the child is given "the most appropriate dispositional services in the least restrictive available setting." Id. (quoting § 985.03(21), Fla. Stat. (2007)).

In R.R.R.'s case the State properly concedes that the circuit court's findings related solely to the first prong of the disposition process. The court did not address the differences between the minimum commitment level recommended by DJJ and the moderate commitment level that was imposed. Nor did it explain why a moderate commitment would better meet R.R.R.'s needs and the needs of the public and was the most appropriate, least-restrictive setting. We affirm R.R.R.'s delinquency adjudication and commitment to the DJJ, but we reverse the court's determination of the

-3-

commitment level and remand for it to make a proper determination employing the E.A.R. guidelines.

Affirmed in part, reversed in part, and remanded.

ALTENBERND and KHOUZAM, JJ., Concur.